11-0649-cr
USA v. Lerebours-Marte

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand twelve.

Present:
>            DENNIS JACOBS,
>                    *Chief Judge*,
>            ROBERT A. KATZMANN,
>                    *Circuit Judge*,
>            JOHN F. KEENAN,
>                    *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

>        *Appellee*,

>            v.                                No. 11-0649-cr

GIOVANNI LEREBOURS-MARTE, AKA CABALLO,

>        *Defendant-Appellant*,

MARQUETY CASTILLO-SOSA, AKA EL VECINO, BIENVENIDO VARGAS, JR., SARAH LOPEZ, AKA, SARAH VARGAS, AKA SARAH VARGAS TORRES,
>        *Defendants*.

_____

_____

[*] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellant:        JAMES M. BRANDEN, Law Office of James M. Branden, New York, N.Y.

For Appellee:        TONI MELE (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Giovanni Lerebours-Marte appeals from a February 15, 2011 judgment of conviction of the United States District Court for the Eastern District of New York (Garaufis, *J.*), convicting him, following a guilty plea, of conspiracy to distribute one kilogram or more of heroin and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and attempt to possess one kilogram or more of heroin and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846.  The district court principally sentenced the defendant to 405 months' imprisonment.  On appeal, Lerebours-Marte first contends that his sentence is procedurally unreasonable because the district court (1) failed to state the reasons for applying a particular sentence within the Guidelines range pursuant to 18 U.S.C. § 3353(c)(1), and (2) failed to provide a statement of reasons for the sentence in the written judgment pursuant to 18 U.S.C. § 3553(c)(2).  He also argues that his sentence is substantively unreasonable.  We presume the parties' familiarity with the facts and procedural history of this case.

We review a district court's sentence for "reasonableness, which is 'akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds

2

of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.'" *United States v. Leslie*, 658 F.3d 140, 142 (2d Cir. 2011) (per curiam) (quoting *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007)). "A district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified)," "makes a mistake in its Guidelines calculation," "treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (internal citation omitted). Where the Court determines that there was no procedural error in a district court's sentencing, it "then considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, taking into account the totality of the circumstances." *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009) (internal quotation marks omitted). Although we do not presume that a sentence within the Guidelines range is reasonable, *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010), a district court's substantive findings will be set aside only "in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

We first address the defendant's contention that the district court committed procedural error. Section 3553(c) requires a district court to "state in open court the reasons for its imposition of the particular sentence, and, if the . . . [sentencing] range exceeds 24 months, the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c), (c)(1). If the district court imposes a non-Guidelines sentence, the "reasons must also be stated with specificity in a statement of reasons form." *Id.* § 3553(c)(2). In interpreting § 3553(c)(1),

3

we have held that, though a sentencing judge retains discretion in these matters, he must demonstrate that he has "'thoughtfully discharged his statutory obligation, with a degree of care appropriate to the severity of the punishment ultimately selected.'" *United States v. Rosa*, 11 F.3d 315, 344 (2d Cir. 1993) (quoting *United States v. Chartier*, 933 F.2d 111, 117 (2d Cir. 1991)).

As an initial matter, because the district court imposed a sentence *within* the Guidelines range, the district court was not required to state its reasons for the sentence in the written judgment. *See* 18 U.S.C. § 3553(c)(2). Thus, the defendant's contention that the district court procedurally erred in failing to state its reasons in a "statement of reasons form," *id.*, is clearly without merit.

As to defendant's argument that the district court did not adequately explain why it chose to impose the particular Guidelines sentence it did, we conclude that the district court's statements sufficiently justify its decision to impose the maximum Guidelines sentence. In addition to noting that it questioned whether the defendant "was sincere in his efforts to cooperate," the district court noted that the defendant was involved "in a very serious, concerted and dangerous criminal enterprise that could have and may have placed lives in danger." App. 228-29. It also observed that "[w]ith one more point on the guideline the defendant would be subject to a guideline range of 360 months to life in prison. So we're not too far from the max here under the guidelines." *Id.* at 228. It further emphasized the seriousness of defendant's crimes when it stated that "[t]he drugs themselves ruined lives and killed people when they are used and abused," and that "Congress . . . has said that these crimes are to be treated with the greatest seriousness because of what they do to the victims of the crimes." *Id.* at 229. Finally,

4

the district court indicated that "[a]ny crimes that involve the use or availability of guns are crimes of particularly great danger and significance. I just can't ignore all of that." *Id.* These statements make clear that the district court believed the defendant's crimes were extraordinarily serious and warranted the maximum Guidelines sentence. We thus conclude that the district court "'thoughtfully discharged his statutory obligation, with a degree of care appropriate to the severity of the punishment.'" *Rosa*, 11 F.3d at 344 (quoting *Chartier*, 933 F.2d at 117).

Having concluded that the defendant's sentence is procedurally reasonable, we turn to whether the sentence is substantively reasonable. The defendant argues that the 405 month sentence is excessive given that he is non-violent and has a largely favorable criminal and social history. Specifically, he notes that he has no criminal history aside from a prior arrest for driving while intoxicated, he grew up in poverty and was forced into prostitution as a young teenager, and he has managed to find work and provide for his family. Even if some of these factors may militate in the defendant's favor, the district court was entitled to conclude that other factors -- such as the tremendous quantity of drugs involved, the use of firearms, and the defendant's involvement as the leader of the operation -- warranted a harsher sentence. Moreover, while Lerebours-Marte relies on the assertion that the criminal conspiracy was short-lived, there is no indication that he stopped his illegal activity for any reason other than his arrest. That the defendant's co-conspirator received a lesser sentence also does not support an inference that his sentence was substantively unreasonable. Lerebours-Marte received a two-level enhancement for his leadership role in the conspiracy, and also had a greater criminal history level and was responsible for more narcotics. Accordingly, we conclude that the defendant's Guidelines sentence falls comfortably "within the range of permissible decisions," *Cavera*, 550 F.3d at 190

5

(internal quotation marks omitted), and thus reject the defendant's challenge to the substantive reasonableness of his sentence.

We have considered all of the defendant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK