*United States of America v. Lerebours-Marte*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand eighteen.

PRESENT:
ROBERT A. KATZMANN,
  *Chief Judge*,
PIERRE N. LEVAL,
  *Circuit Judge,*
RICHARD M. BERMAN,
  *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

  *Appellee*,

  v.                                                                No. 17-605

GIOVANNI LEREBOURS-MARTE, AKA Caballo,

  *Defendant-Appellant*,

_____

For Appellee:                                           Susan Corkery and Nathan Reilly *for* Richard P. Donoghue, United States Attorney for the

_____

[*] Judge Richard M. Berman, United States District Court for the Southern District of New York, sitting by designation.

1

Eastern District of New York, New York, NY.

For Defendant-Appellant:          Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Giovanni Lerebours-Marte appeals from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*), entered March 20, 2017, granting Lerebours-Marte's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In 2009, Lerebours-Marte pled guilty to conspiracy to distribute and attempted possession of one kilogram or more of heroin and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced to concurrent terms of 405 months' imprisonment. The sentence represented the top of the applicable Guidelines range, and was affirmed on appeal in 2012. *United States v. Lerebours-Marte*, 468 F. App'x 81 (2d Cir. 2012).

In 2015, Lerebours-Marte filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, which retroactively lowered the sentencing range for certain drug-related offenses. *See* Amendment 782, Supplement to Appendix C—Amendments to the Guidelines Manual. Lerebours-Marte sought a sentence of 262 months' imprisonment, representing the bottom of the adjusted Guidelines range of 262 to 327 months' incarceration. The district court granted the motion but reduced Lerebours-Marte's

2

sentence to a term of 327 months—a sentence at the top of the adjusted Guidelines range. This appeal followed.

This Court reviews a district court's ruling on a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014). A district court abuses its discretion only when the court's ruling rests "on an erroneous view of the law or on a clearly erroneous assessment of the evidence," or "cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted).

When considering a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), a district court must conduct a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the district court must determine whether the defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the defendant is eligible for a sentence reduction, then the court must next determine, in its discretion, whether such a reduction is warranted either in whole or in part. *Id.* at 827. In making the latter determination, the court must refer to the factors set out in 18 U.S.C. § 3553(a), and may also consider other factors, including the defendant's conduct subsequent to his incarceration. *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013).

Lerebours-Marte argues that the district court abused its discretion at the second stage of the two-step inquiry. In particular, he argues that the district court treated the sentencing determination as a binary choice between a sentence at the top or bottom of the amended range, by giving no credit to his progress towards rehabilitation in prison, and by thoughtlessly and without recognition of its lawful alternatives imposing a maximum sentence.[1] We disagree.

---

[1] Lerebours-Marte also repeats the argument, made on his first direct appeal, that he is entitled to a shorter sentence because he attempted to cooperate. We have already concluded that the district court did not abuse its discretion in

3

There is no indication that the court treated its sentencing decision as a choice between a sentence at the top or bottom of the adjusted range. The court instead recognized that it had authority to issue an array of sentences, and explained that Lerebours-Marte was "eligible to have his sentence reduced to a term *as low as* 262 months." App. 172 (emphasis added). There is additionally no indication that the district court failed to consider Lerebours-Marte's rehabilitation efforts in prison or that it carried over its determination from the original sentence without awareness of the allowable range. The court noted that Lerebours-Marte had improved his disciplinary record and completed a drug rehabilitation program, but also noted that Lerebours-Marte had committed five disciplinary infractions during his incarceration. The court accordingly selected a term at the top of the amended Guidelines range, which reflected "the Sentencing Commission's most recent recommendation as to appropriate punishments, while respecting Section 3553's enduring guidance." *Id.* at 175. Based on this record, we cannot say that the district court abused its discretion by sentencing Lerebours-Marte to a term of imprisonment at the top of his adjusted Guidelines range.

We have considered all of Lerebours-Marte's contentions on appeal and have found in them no basis for reversal or vacatur. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

declining to reduce Lerebours-Marte's sentence on this basis. *See Lerebours-Marte*, 468 F. App'x at 84 ("In addition to noting that it questioned whether the defendant was sincere in his efforts to cooperate, the district court noted that the defendant was involved in a very serious, concerted and dangerous criminal enterprise that could have and may have placed lives in danger." (internal quotation marks omitted)). We find no basis to revisit that determination now.