12-2373-cr
*United States v. Wilson*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2012

(Submitted: April 12, 2013    Decided:  May 16, 2013)

Docket No. 12-2373-cr
_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

JAMES WILSON,

*Defendant–Appellant.*

_____

Before:

KEARSE AND CHIN, *Circuit Judges*,
AND HALL, *District Judge.**

_____

Appeal from an order of the United States District Court for the Eastern District of New York (Platt, *J.*) denying a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the U.S. Sentencing Guidelines Manual.

AFFIRMED.

_____

* The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

_____

John J. Durham, Susan Corkery, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York, *for Appellee*.

Kenneth Scott Williamson, Freedom Foundation, PLLC, Goodlettsville, Tennessee, *for Defendant-Appellant*.

_____

PER CURIAM:

Defendant-Appellant James Wilson appeals from the district court's May 18, 2012 memorandum and order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the U.S. Sentencing Guidelines (the "Guidelines"), which lowered the base offense levels for crack cocaine offenses.  We hold that the district court did not abuse its discretion by denying Wilson's motion to reduce his sentence to within the amended Guidelines range.  Accordingly, we affirm.

*BACKGROUND*

Wilson was convicted, following a plea of guilty, of one count of distributing 114.64 grams of crack and 160 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). At Wilson's sentencing on November 22, 2005, the district court calculated his Guidelines range as 188 to 235 months and sentenced him to 200 months' imprisonment.

In March 2008, the district court issued an order to show cause why it should not, *sua sponte*, reduce Wilson's sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Guidelines, which lowered the base offense levels for crack offenses, effective retroactively. *See* U.S.S.G. app. C, amend. 706 (2012) (effective Nov. 1, 2007); *see also id.* app. C, amend. 713 (effective Mar. 3, 2008); *id.* § 1B1.10(c). Under the 2008 amended Guidelines, Wilson's Guidelines range was 151 to 188 months. On September 30, 2008, the district court reduced Wilson's sentence to 168 months' imprisonment.

On October 21, 2011, Wilson filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and

Amendment 750 to the Guidelines, which further lowered the base offense levels for crack offenses, effective retroactively. *See* U.S.S.G. app. C, amend. 750 (2012) (effective Nov. 1, 2011); *see also id.* app. C, amend. 759 (effective Nov. 1, 2011); *id.* § 1B1.10(c) & cmt. n.4. In a written memorandum and order dated May 18, 2012, the district court calculated Wilson's 2011 amended Guidelines range as 130 to 162 months' imprisonment, but declined to reduce Wilson's sentence below 168 months' imprisonment. This appeal followed.

### *DISCUSSION*

We review for abuse of discretion a district court's denial of a motion to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). An abuse of discretion occurs where a district court "'base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions.'" *Id.* (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)).

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), a district court first must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010) (citing U.S.S.G. § 1B1.10(b)(1)). If the defendant is eligible for a sentence reduction, the district court "may" reduce the sentence "after considering the factors set forth in [§] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Dillon*, 130 S. Ct. at 2691.

A retroactive amendment to the Guidelines "merely authorizes a reduction in sentence; it does not require one." *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir.

2011).  In determining whether a reduction is warranted and the extent of any such reduction, the court may also consider the "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment."  U.S.S.G. § 1B1.10, cmt. n.1(B)(iii); *see also Rivera*, 662 F.3d at 170 ("In determining whether to modify a sentence, a judge must consider not only the traditional sentencing factors set forth in 18 U.S.C. § 3553(a), but also the post-sentencing behavior of the defendant and any public safety concerns a reduction in sentence would raise.").

On appeal, Wilson asserts that the district court abused its discretion by denying his motion to reduce his sentence based on evidence that he was disciplined in prison four times between March 2006 and March 2007.

First, Wilson contends that "Application Note 1(B)(iii) to § 1B1.10 of the U.S.S.G. prohibits the consideration of conduct that occurred prior to a defendant's sentencing *or re-sentencing*, since that conduct has already been taken into account in determining the prior sentence."  Appellant Br. at 8 (emphasis added).

Wilson's reliance on that provision is misplaced, however, because a reduction in sentence pursuant to 18 U.S.C. § 3582(c) is not a resentencing. *See Dillon*, 130 S. Ct. at 2690-92. "By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission. . . . Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at 2690-91; *see id.* at 2694 ("§ 3582(c)(2) does not authorize a resentencing").

Second, Wilson argues that it was "contradictory" for the district court not to resentence him within the amended Guidelines range when it did so in 2008, when the district court was already aware of his misconduct in prison in 2006 and 2007 and there had been no additional misconduct in the intervening time. We disagree. In deciding Wilson's motion, the district court properly

considered the amended Guidelines range, as well as the statutory factors set forth in 18 U.S.C. § 3553(a). In addition, the district court was permitted to -- and did -- consider Wilson's post-sentencing conduct, including the disciplinary infractions he committed in prison in 2006 and 2007. *See* U.S.S.G. § 1B1.10, cmt. n.1(B)(iii). After considering the relevant factors, the district court explained that the previously-imposed sentence of 168 months was "necessary to protect the public and to deter further criminal behavior."

The district court did not abuse its discretion by denying Wilson's motion to reduce his sentence to within the amended Guidelines range. Rather, the district court certainly had the discretion to conclude that a sentence of 168 months was as low as the circumstances warranted, even in light of the lower Guidelines range.

### *CONCLUSION*

For the foregoing reasons, we **AFFIRM** the order of the district court.