12-961-cr
United States v. Bethea

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

August Term, 2013

(Argued: October 17, 2013    Decided: October 31, 2013)

Docket No. 12-961-cr

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

Appellee,

- v.-

MICAL BETHEA, aka Kareem,

Defendant-Appellant.

- - - - - - - - - - - - - - - - - - -x

Before:            WINTER, JACOBS and STRAUB, Circuit Judges.

Mical Bethea appeals from a judgment entered in the United States District

Court for the District of Connecticut (Bryant, J.).  The district court denied

Bethea's 18 U.S.C. § 3582(c) motion for sentence modification. For the following

reasons, we vacate and remand.

MICHAEL L. MOSCOWITZ, New Haven, Connecticut, for Defendant-Appellant.

CHRISTOPHER M. MATTEI (Sandra S. Glover, on the brief) for Deirdre M. Daly, Acting United States Attorney for the District of Connecticut, for Appellee.

Per Curiam:

This appeal from the denial of a motion for sentencing modification in the United States District Court for the District of Connecticut (Bryant, J.) presents an issue as to what procedure a district court should follow under 18 U.S.C. § 3582(c).

Bethea pled guilty in June 2010 to a single count of cocaine distribution. The Presentence Report ("PSR") calculated a guidelines range of 60-71 months. At sentencing, in September 2010, Judge Bryant extensively reviewed the sentencing factors and imposed an above-guidelines sentence of 80 months' imprisonment, citing Bethea's additional sales of firearms; his extensive criminal history and risk of recidivism; the need for general deterrence; and the danger Bethea posed to the public. Bethea did not appeal his sentence.

In September 2011, Bethea filed an 18 U.S.C. § 3582(c) motion for sentence modification based on retroactive amendments to the crack cocaine sentencing

guidelines. An addendum to the PSR calculated a revised guidelines sentence of 60 months' imprisonment by reason of a five-year mandatory minimum in Bethea's case.

In March 2012, the court denied Bethea's motion and Bethea appealed.

<strong>I</strong>

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), a district court must engage in a "two-step approach." Dillon v. United States, 130 S. Ct. 2683, 2691 (2010). At step one, the court "must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced." United States v. Wilson, 716 F.3d 50, 52 (2d Cir. 2013). "At step two . . . , § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." Dillon, 130 S. Ct. at 2692.

The district court disposed of Bethea's motion by stating:

> The court sentenced defendant to a non-guidelines sentence predicated on the agreement between the parties that the calculated guideline range was

insufficient.  Therefore, a further reduction within the applicable guidelines range would only exacerbate the insufficiency.

Dillon and Wilson require more.  We remand for the district court to (1) specifically determine Bethea's eligibility for a sentencing modification; and (2) consider whether any applicable § 3553(a) factors counsel in favor of a reduction.

**II**

The importance of the systematic approach required by Dillon and Wilson is underlined by a significant consideration that appears to have eluded both the government and Bethea's counsel: Bethea is not subject to a mandatory minimum sentence.

The Supreme Court held in Dorsey v. United States that the "new, more lenient mandatory minimum provisions" "apply to offenders who committed a crack cocaine crime before August 3, 2010 but were not sentenced until after August 3."  132 S. Ct. 2321, 2326 (2012).  Bethea is just such an offender: his crack sales occurred in early 2009 and he was sentenced in September 2010.  The amount of cocaine base attributed to Bethea, 15.79 grams, would have subjected Bethea to a mandatory minimum of five years prior to the Fair Sentencing Act,

but subjects him to no mandatory minimum under the current regime.  See id. at 2329 ("The Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum . . . .").

Dorsey was issued after the district court's order and after the Probation Office issued sentencing recommendations based on the assumption that a five-year mandatory minimum was applicable.  Bethea's Guidelines sentencing range did not shift from a 60-71 month range to a fixed 60 months, as assumed by all involved; without the mandatory minimum, the range instead began below 60 months--at 57-71 months--and was considerably reduced to 37-46 months.  On remand, the district court will have the opportunity to (and, indeed, must under Wilson) consider this development.

For the foregoing reasons, we vacate and remand.