12-4741-cr
United States v. Rodriguez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand fourteen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        JOSÉ A. CABRANES,
                *Circuit Judge*,
        RICHARD M. BERMAN,
                *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

        *Appellee*,

                v.                                                    No. 12-4741-cr

JOHNNY RODRIGUEZ, AKA QUEST,

        *Defendant-Appellant*.

_____

---

[*] The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

For Defendant-Appellant:          Brian Sheppard, Law Office of Brian Sheppard, New Hyde Park, NY.

For Appellee:          Brian P. Leaming and Sandra S. Glover, Assistant United States Attorneys, *for* Deirdre M. Daly, Acting United States Attorney for the District of Connecticut.


Appeal from an order of the United States District Court for the District of Connecticut (Hall, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the decision of the district court is **AFFIRMED**.

Defendant-Appellant Johnny Rodriguez, a.k.a. Quest, appeals from a November 5, 2012 order of the United States District Court for the District of Connecticut (Hall, *J.*) denying Rodriguez's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). In 2008, Rodriguez pled guilty, pursuant to a plea agreement, to one count of possessing with intent to distribute 50 grams or more of crack cocaine, and was sentenced principally to 140 months' imprisonment. After the U.S. Sentencing Commission retroactively amended the sentencing guidelines for crack cocaine offenses, the district court found that Rodriguez was eligible for a reduced sentence, but declined to grant a reduction in light of the seriousness of Rodriguez's offense conduct, his lengthy criminal history, and his interest in acquiring a firearm. On appeal, Rodriguez argues that the district court abused its discretion in denying his motion. We presume the parties' familiarity with the relevant facts, procedural history of the case, and issues presented for review.

"This Court reviews a district court's decision to modify or maintain a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion." *United States v. Figueroa*, 714 F.3d 757, 759 (2d Cir. 2013) (per curiam). "A district court has abused its discretion if it based its ruling on an

2

erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, quotation marks, and brackets omitted).

In his counseled appellate brief, Rodriguez first argues that the district court improperly gave certain sentencing factors different weight in the sentence reduction proceeding than at the original sentencing, violating both § 1B1.10(b)(1) of the U.S. Sentencing Guidelines and the law of the case doctrine. But § 1B1.10(b)(1) merely provides that a court considering whether to reduce a defendant's sentence under § 3582(c)(2) "shall determine the amended guideline range that would have been applicable to the defendant" by "substitut[ing] only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and . . . leav[ing] all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The district court below did just that, correctly determining that the retroactively amended guidelines would reduce the range stipulated in Rodriguez's plea agreement from between 140 and 175 months to between 120 and 150 months.

As for law of the case, that doctrine provides that "'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case,' unless 'cogent' and 'compelling' reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (quoting *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991), and *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)). But a district court's view of the proper weight to be given to a particular sentencing factor does not constitute a legal decision separate from every other relevant factor and from the ultimate sentence imposed. To the contrary, sentencing is a holistic judgment, in which no factor receives any particular weight in isolation from all the others. *See*, *e.g.*, *Quintieri*, 306 F.3d at 1228 (discussing the "entire 'knot

3

of calculation'" underlying a sentence (quoting *United States v. Atehortva*, 69 F.3d 679, 685 (2d Cir. 1995)).

In addition, Rodriguez's argument is at odds with the governing statute. Rodriguez's argument would imply that, absent an exception to the law of the case, a defendant must be given a sentence reduction whenever a relevant guideline has been retroactively amended. But we have held, under the plain text of § 3582(c)(2), that "[a] retroactive amendment to the Guidelines 'merely authorizes a reduction in sentence; it does not require one.'" *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013) (per curiam) (quoting *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011)). To be sure, were a district court to wildly alter its view of a given sentencing factor between the initial sentencing and a later sentence reduction proceeding, that discrepancy might suggest an abuse of discretion. But we see no such discrepancy here.

Rodriguez's counseled brief next argues that the district court erred by focusing on the government's reasons for entering into the original plea agreement. Citing the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011), Rodriguez contends that these reasons are relevant only to the extent they indicate that a reduction would give Rodriguez an improper windfall beyond what was contemplated in the plea agreement. But Justice Kennedy's plurality opinion and Justice Sotomayor's concurrence in *Freeman* merely hold that avoiding a windfall is one permissible ground for a district court to deny a sentence reduction. *See id.* at 2694 (plurality); *id.* at 2699 (Sotomayor, J., concurring in the judgment). Neither opinion suggests that that is the *only* way that the government's reasons for entering into a plea agreement can become relevant. Moreover, the transcript of the sentence reduction hearing below makes clear that the district court discussed the government's reasons for entering into the plea agreement as a way to raise the other relevant § 3553(a) factors in this case beyond drug

quantity and the stipulated guidelines range, which the district court was required to—and did—consider.

Finally, to the extent Rodriguez's counsel contends that the decision below was infected with racial discrimination, irrational cognitive biases, or any other impermissible consideration, triggering some kind of special scrutiny, that contention is unfounded. The record shows that the district court carefully and conscientiously considered all of the relevant factors and arguments, and we see no basis to conclude that the denial of Rodriguez's motion rests on any improper ground.

Rodriguez's pro se brief makes three additional arguments, each of which is unavailing. First, Rodriguez contends that he is eligible for a sentence reduction down to a five-year mandatory minimum term under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. That statute, however, does not apply to defendants who, like Rodriguez, were convicted and sentenced before its enactment. *See United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010) (per curiam). Second, Rodriguez contends that the government breached the plea agreement "by consist[e]ntly mentioning other drug amounts and incidents to justify denying the § 3582(c)(2) motion." Appellant's Pro Se Br. 8. But the plea agreement stipulates a drug quantity between 150 and 500 grams, and Rodriguez points to no instance in which the government mentioned a quantity outside of that range. Third, Rodriguez contends that his post-sentencing rehabilitative conduct supports his motion for a sentence reduction. This argument is correct as far as it goes; the district court was permitted to consider Rodriguez's post-sentencing conduct, *see Wilson*, 716 F.3d at 52, and did in fact consider it. But nothing about that conduct required the district court to exercise its discretion to grant a reduction.

5

We have considered all of the defendant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the decision of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK