United States v. Jimenez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
>> *Chief Judge*,
> ROBERT D. SACK,
> GERARD E. LYNCH,
>> *Circuit Judges*.

————————————————————————————

UNITED STATES OF AMERICA,

      *Appellee*,

    v.              No. 13-2887

SHANNON JIMENEZ,

      *Defendant-Appellant*,

GERALD MILLER, AKA Prince, WILFREDO ARROYO, AKA C-Justice, C.J., ROY HALE, AKA Pookie, DAVID ROBINSON, AKA Bing, HARRY HUNT, FABIO ARCINIEGAS, AKA Chico, JULIO HERNANDEZ, WAVERLY COLEMAN, AKA Teddy, RONALD TUCKER, CYNTHIA BROWN, AKA Bunny, RAYMOND ROBINSON, AKA Ace,

1

*Defendants*.

_____

For Appellee:                         Emily Berger, Richard M. Tucker, Assistant United
                                      States Attorneys, *for* Loretta E. Lynch, United
                                      States Attorney for the Eastern District of New
                                      York, Brooklyn, NY.

For Defendant-Appellant:              Michael B. Lumer, James C. Neville, Lumer &
                                      Neville, New York, NY.

Appeal from an order entered by the United States District Court for the Eastern District of New York (Dearie, *J.*) denying motions for a modification of a term of imprisonment.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court be and is hereby **AFFIRMED**.

Defendant-Appellant Shannon Jimenez appeals a July 9, 2013 order of the United States District Court for the Eastern District of New York (Dearie, *J.*) denying Jimenez's motions for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the district court's order for abuse of discretion, *see United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013) (per curiam), which occurs where a district court "'base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions.'" *Id.* (quoting *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009)).

Jimenez filed two motions for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) following amendments to the United States Sentencing Guidelines ("Guidelines")

that increased the quantity of cocaine base necessary to trigger the base offense level calculated by the district court at his original sentencing. Jimenez's motions emphasize that whereas the district court's finding at sentencing that his offense involved "at least" 1.5 kilograms of cocaine base was sufficient to trigger a base offense level of 38 at the time, *see United States v. Miller*, 116 F.3d 641, 684 (2d Cir. 1997), recent amendments to the Guidelines have raised the relevant quantity-based threshold to 8.4 kilograms or more of the drug to reach the same offense level. *See* U.S.S.G. Supp. App. C, Amends. 706 & 750; U.S.S.G. § 2D1.1(c) (Drug Quantity Table).

In denying Jimenez's motion, the district court noted that Jimenez's presentence report, which the court adopted at sentencing, attributed more than 15 kilograms of cocaine base to his offense. The district court further recalled, "without doubt or hesitation," that evidence at trial showed that the offense involved more than 8.4 kilograms of the drug. J.A. 124. It therefore concluded that Jimenez would be in the same position with respect to the base offense level if he were sentenced in accordance with the Guidelines amendments as he was at his original sentencing. Accordingly, the district court denied the motion. *See Wilson*, 716 F.3d at 52 ("When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), a district court first must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.").

On appeal, Jimenez contends that the district court violated his Sixth Amendment rights and the spirit of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by making its own finding that Jimenez's offense involved more than 8.4 kilograms of cocaine base. This argument is plainly foreclosed by precedent. *See United States v. Erskine*, 717 F.3d 131, 136 (2d Cir. 2013) (noting

that "[t]he Supreme Court has held that a sentence reduction under 18 U.S.C. § 3582(c)(2) does 'not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt'" (quoting *Dillon v. United States*, 560 U.S. 817, 828 (2010))); *cf. United States v. Rios*, --- F.3d ---, 2014 WL 4290339, at \*4 (Sept. 2, 2014). To the extent that Jimenez contends that the district court clearly erred in finding that his offense involved more than 8.4 kilograms of cocaine base, we find that the district court referenced ample evidence from trial and its prior sentencing to support its conclusion that the offense involved nearly twice the 8.4 kilograms required by the applicable Guidelines amendments. *Cf. Miller*, 116 F.3d at 684 (rejecting Jimenez's co-defendants' argument that the district court clearly erred in finding that the offense involved at least 15 kilograms of cocaine base). Accordingly, we conclude that the district court did not abuse its discretion in denying Jimenez's motions for a modification of his sentence.

We have considered Jimenez's remaining arguments and find them to be without merit. For the reasons stated herein, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk