15-1624
*United States v. Jimenez*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand sixteen.

PRESENT:  ROBERT D. SACK,
RICHARD C. WESLEY,
GERARD E. LYNCH,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                            15-1624

GERALD MILLER, aka Prince, WILFREDO ARROYO, aka C-Justice, C.J., ROY HALE, aka Pookie, DAVID ROBINSON, aka Bing, HARRY HUNT, FABIO ARCINIEGAS, aka Chico, JULIO HERNANDEZ, WAVERLY COLEMAN, aka Teddy, RONALD TUCKER, CYNTHIA BROWN, aka Bunny, RAYMOND ROBINSON, aka Ace,

1

*Defendants*,

SHANNON JIMENEZ,

*Defendant-Appellant.*

---

FOR APPELLANT:          Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE:           Ameet B. Kabrawala, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Dearie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the order of the District Court is

**AFFIRMED**.

Defendant-Appellant Shannon Jimenez ("Jimenez") appeals from a memorandum and order of the United States District Court for the Eastern District of New York (Dearie, *J.*) denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review, which we reference only as necessary to explain our decision to affirm.

In 1993, Jimenez was convicted of conspiring to distribute cocaine base, in violation of 21 §§ U.S.C. 841(a)(1), (b)(1)(A)(iii), and 846, for which he was sentenced to 360 months' imprisonment—the bottom of his United States Sentencing Guideline ("U.S.S.G." or "Guideline") range of 360 months to life. *See United States v. Miller*, 116 F.3d 641, 651-52, 655 (2d Cir. 1997). In 2014, a retroactive amendment to the Guidelines arguably changed Jimenez's Guideline range to 324 to 405 months. *See* U.S.S.G. Supp. to App. C, Amd. 788 (2014). On May 13, 2015, the District Court ruled even if that Jimenez was eligible for a reduction, a reduction was not warranted due to Jimenez's participation in four murders for which he had been acquitted at the time of his drug conviction as well as his disciplinary infractions in prison. Jimenez appeals.

Section 3582(c)(2) provides that a district court may reduce an eligible defendant's sentence after considering the sentencing factors in § 3553(a), if a reduction is consistent with U.S.S.G. § 1B.10. 18 U.S.C. § 3582(c)(2); *see Dillon v. United States*, 560 U.S. 817, 826–27 (2010). We review a district court's decision to deny a sentence reduction for abuse of discretion. *United States v. Johnson*, 633 F.3d 116, 118 (2d Cir. 2011) (per curiam).

Jimenez first argues that the District Court erred by failing to consider the "parsimony clause" that prefaces the enumerated sentencing factors in § 3553(a) and instructs a sentencing court to "impose a sentence sufficient, but not greater than necessary, to comply with the [purposes of criminal punishment]." 18 U.S.C. § 3553(a). Jimenez failed to raise an objection under the parsimony clause to the sentencing court. Thus, we "do not assume from the court's failure specifically to reference that clause that the court has ignored its mandate." *United States v. Williams*, 475 F.3d 468, 477 (2d Cir. 2007) (internal quotation marks omitted). Rather, "absent record proof showing otherwise, we assume the district court's awareness of and compliance with this statutory sentencing obligation." *United States v. Ministro-Tapia*, 470 F.3d 137, 141 (2d Cir. 2006). Jimenez's original and arguably amended Guidelines ranges include his 360 month sentence, and the District Court's consideration of Jimenez's pre-conviction and post-sentencing conduct indicate nothing to us other than a carefully reasoned conclusion that Jimenez's original sentence was "sufficient, but not greater than necessary." *See Williams*, 475 F.3d at 477; *Ministro-Tapia*, 470 F.3d at 141. Indeed, the court's statement that a lower sentence is "foreclose[d]" by Jimenez's participation in the murders (discussed further below) indicates its

conclusion that the original sentence was the minimum necessary in light of the seriousness of Jimenez's criminal conduct. We find no indication that the District Court failed to consider the requirements of the parsimony clause in § 3553(a).

Jimenez next argues that the District Court erred in its consideration of his "participation in the brutal murder of the four Columbian cocaine suppliers" by concluding that this "foreclose[d] any possibility of reducing his sentence." App'x 119. We reject this argument. To the extent that "foreclose" implies a legal conclusion, we do not infer from such statements that the District Court misunderstood the law, but rather infer that the court concluded "that the facts of the case at hand do not provide any basis for" granting a reduction. *See United States v. Brown*, 98 F.3d 690, 693 (2d Cir. 1996) (emphasis removed). In light of the District Court's accurate recitation of the law, acknowledgment of Jimenez's eligibility for a reduction, and additional discussion of policy statement factors after it asserted any reduction was "foreclose[d]," we see no reason to depart from this inference. *See Williams*, 475 F.3d at 477; *United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir. 2006) *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

Finally, Jimenez argues the District Court erroneously assessed the evidence of his post-sentencing conduct by concluding that Jimenez's conduct in prison "weigh[s] against any reduction" in his sentence, App'x 119, despite the fact that "the majority of the misbehavior occurred more than 20 years ago," Appellant's Br. 34. We also reject this argument. Jimenez's post-sentencing conduct was a relevant factor for the District Court to consider. *See United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013). Moreover, the District Court did not rely exclusively on this conduct in denying the motion, but only noted that it was a factor in its decision. While some evidence certainly cut in Jimenez's favor— most notably, the vast improvement in his prison behavior over the last 20 years and the absence of any significant sanctions since 2010—the District Court's assessment of this evidence does not leave us with a "definite and firm conviction that a mistake has been committed" and was not "clearly erroneous." *United States v. Park*, 758 F.3d 193, 200–01 (2d Cir. 2014); *see Wilson*, 716 F.3d at 52–53.

We have considered Jimenez's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk