United States v. Green

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         ROSEMARY S. POOLER,
                  Circuit Judges.
         GEOFFREY W. CRAWFORD,*
                  District Judge.

- - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        Appellee,

        -v.-                         15-3779**

YULANDER GREEN,
        Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - - -X

---

    * Judge Geoffrey W. Crawford, United States District Court for the District of Vermont, sitting by designation.

    ** The Clerk of Court is respectfully directed to amend the caption of the case to appear as above.

**FOR APPELLANT:**          Marianne Mariano, Federal Public
                           Defender's Office for the
                           Western District of New York,
                           Buffalo, NY.

**FOR APPELLEE:**          Monica J. Richards, for William
                           J. Hochul, Jr., United States
                           Attorney for the Western
                           District of New York.

Appeal from an order of the United States District Court for the Western District of New York (Siragusa, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**.

Defendant Yulander Green appeals from the order of the United States District Court for the Western District of New York (Siragusa, <u>J.</u>), denying his motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Section 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,] . . . the court *may* reduce the term of imprisonment." (Emphasis added). In deciding whether to reduce the defendant's sentence, the court follows a "two-step inquiry." <u>Dillon v. United States</u>, 560 U.S. 817, 826 (2010). First, the district court determines if the defendant is eligible for a sentence reduction, which depends on whether "the reduction would be '"consistent with applicable policy statements issued by the Sentencing Commission"--namely, [U.S.S.G.] § 1B1.10.'" <u>United States v. Mock</u>, 612 F.3d 133, 137 (2d Cir. 2010) (quoting <u>Dillon</u>, 560 U.S. at 826). Second, if the prisoner is eligible for a reduction, the district court "consider[s] any applicable [18 U.S.C.] § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." <u>Dillon</u>, 560 U.S. at 827.

There is no dispute that Green is eligible for a reduction. The question is whether the district court

2

properly denied Green's motion for a reduction in sentence at step two. We review this decision for abuse of discretion. <u>United States v. Borden</u>, 564 F.3d 100, 104 (2d Cir. 2009). "[A] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." <u>Id.</u> (quoting <u>Sims v. Blot</u>, 534 F.3d 117, 132 (2d Cir. 2008)).

Here, after considering the § 3553(a) factors and the relevant policy statement from the Sentencing Commission, the district court determined that a reduction would be inappropriate because of "the nature of the defendant's history and characteristics," "the need for the sentence to reflect the seriousness of the offense," and the fact that "the defendant has proven to be a danger to the community." J. App'x at 197. In support of this conclusion, the court stated that Green had been a leader of a violent street gang, that he had possessed weapons while engaging in drug distribution, and that while on pre-sentence release in the instant case, Green had illegally procured a weapon and used it.

1. Green argues that the district court's reliance on conduct that occurred prior to his original sentencing was error because that misconduct was already considered in the original sentence, and is now treated less severely by the sentencing guidelines.

However, at step two of the analysis required under § 3582(c)(2), the district court need only consider whether the "particular circumstances of the case" justify a reduction of sentence in light of the § 3553(a) factors. <u>Dillon</u>, 560 U.S. at 827. Here, the district court adequately considered these factors and found that a reduction was unwarranted because Green was a danger to the community and that a lower sentence would inadequately reflect the seriousness of Green's crime. Given the gravity of Green's offense and his use of a gun while on pre-sentence release, we find no abuse of discretion in that conclusion.

More generally, we are not persuaded by Green's suggestion that a sentence reduction is mandated, or presumed, when the guidelines range for the underlying conduct has been lowered and the defendant has avoided

additional misconduct.  In some cases, the conduct for which the defendant was originally incarcerated may, standing alone, justify the retention of the original sentence even though the guidelines range has been reduced.  So the district court found here, and the statute requires nothing more.  See United States v. Wilson, 716 F.3d 50, 53 (2d Cir. 2013) (per curiam) (affirming district court's denial of § 3582(c)(2) motion when the defendant had engaged in no additional misconduct since the reduction of the relevant guidelines range).

2.  Green contends that the district court committed clear error when it characterized Green as "a leader of a violent street gang."  J. App'x at 197.  The court's description was at most an overstatement: Green had testified that he was a long-term member of the gang, that he lent money to younger members of the gang, that he rented several houses for the gang, and that he determined who could sell drugs on those properties.  Based on this testimony, the district court's description of Green as a "leader" did not rise to the level of clear error.  In any event, the district court denied Green's motion not because he was a "leader" of the gang, but because he had "proven to be a danger to the community" and because a lower sentence would not "reflect the seriousness of [Green's] offense." J. App'x at 197.  The district court did not abuse its discretion in reaching these conclusions.

3.  Green argues that the district court insufficiently credited Green's efforts toward rehabilitation in prison. This argument is unavailing.  "The weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge" and is generally beyond review.  United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006).  Green asked the district court to consider his positive post-sentence conduct and, in the absence of evidence to the contrary, we presume that the judge considered the argument. See id., 443 F.3d 19, 29-30 (2d Cir. 2006).

For the foregoing reasons, and finding no merit in Green's other arguments, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4