*United States v. Roney*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> AMALYA L. KEARSE,
> GERARD E. LYNCH,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                                                                          20-1834

PATRICK RONEY, AKA PATRICK F. RONEY,

        *Defendant-Appellant*.

---

For Defendant-Appellant:        JAY S. OVSIOVITCH, Federal Public Defender's Office, Western District of New York, Rochester, NY

For Appellee:        TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY

Appeal from a final order of the United States District Court for the Western District of New York (Skretny, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the final order of the district court is **AFFIRMED**.

Defendant-Appellant Patrick Roney ("Roney") appeals from a June 2, 2020 final order of the United States District Court for the Western District of New York (Skretny, *J.*) denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The district court sentenced Roney to 168 months' imprisonment and a life term of supervised release for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) on May 26, 2011. Roney filed the operative motion for compassionate release on May 15, 2020, arguing in the district court that his susceptibility to contracting and suffering life-threatening complications from COVID-19 while incarcerated at the Federal Medical Center, Rochester ("FMC Rochester") constitutes an extraordinary and compelling reason meriting his release.

As amended by the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A) authorizes a defendant imprisoned for federal crimes to bring a motion for compassionate release before a federal district court upon the "failure of the Bureau of Prisons to bring [such] a motion on the defendant's behalf" or upon "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Per the text of the statute, a district court "may reduce" the term of a defendant's imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The determination as to what constitutes extraordinary and compelling reasons warranting a reduction is committed to the sound discretion of the district court. *United States v. Brooker*, No. 19-3218-CR, --- F.3d ----, 2020 WL 5739712, at *7 (2d Cir. Sept. 25, 2020) (holding that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release"). Prior to reducing a defendant's term

of imprisonment, however, a district court must consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).[1] These factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (alterations and internal quotation marks omitted) (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)). In assessing Roney's contention that the district court abused its discretion in this case, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We need not decide whether Roney has proffered an extraordinary and compelling reason that warrants his release under 18 U.S.C. § 3582(c)(1)(A)(i) because, even assuming *arguendo*

---

[1] Section 3582(c)(1)(A) also requires a district court entertaining a compassionate-release motion brought by an incarcerated criminal defendant to consider whether a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." Notably, this Court recently held that United States Sentencing Guideline § 1B1.13—the policy statement "applicable" to compassionate-release motions brought by the Director of the Bureau of Prisons—is not "applicable" to compassionate-release motions brought by incarcerated defendants. *Brooker*, --- F.3d ----, 2020 WL 5739712, at \*6 ("[T]hough motions by the BOP still remain under the First Step Act, they are no longer exclusive, and we read the Guideline as surviving, but now applying only to those motions that the BOP has made.").

that he has, we discern no abuse of discretion in the district court's conclusion that release is nevertheless unwarranted upon consideration of the § 3553(a) factors. Roney contends, to the contrary, that the district court abused its discretion in its consideration of these factors because it: (1) did not provide a clear explanation as to why releasing him 16 months earlier than his October 24, 2021 projected release date would significantly undermine the goals of sentencing; (2) failed "to distinguish the original sentencing from compassionate release," Appellant's Br. at 30; and (3) disregarded this Court's admonition in *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010), that a district court must take "great care" in considering the reasonableness of sentences imposed under United States Sentencing Guideline ("U.S.S.G.") § 2G2.2. For the following reasons, we disagree.

At the start, the district court amply explained why its analysis of the § 3553(a) factors weighed against release. Indeed, the district court considered each of the applicable § 3553(a) factors in determining whether Roney's release was warranted. It weighed, *inter alia*, Roney's serious medical conditions and susceptibility to COVID-19; the seriousness of his offense conduct, which included the possession of hundreds of images of child pornography, some of which depicted sadistic and masochistic conduct and prepubescent children younger than 12 years of age; his prior convictions; the danger he presents to the community; the fairness of his original sentence; and the need for his original sentence to remain in place to promote respect for the law and to provide just punishment. In light of the district court's thoughtful and extensive analysis of the § 3553(a) factors, Roney's argument that the district court did not explain its reasons is misplaced. Roney "may disagree with how the district court balanced the § 3553(a) factors, [but] that is not a sufficient ground" for finding an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

4

Roney's argument that the district court erred in failing "to distinguish the original sentencing from compassionate release," Appellant's Br. at 30, is equally without merit. The First Step Act expressly requires a district court reviewing a compassionate-release motion to consider the § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A). Those factors in turn require the court to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a). To that end, courts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence. *See, e.g.*, *United States v. Madoff*, No. 09-CR-213, --- F. Supp. 3d ----, 2020 WL 3001037, at *5 (S.D.N.Y. June 4, 2020) (Chin, *J.*) (stressing the aims of the court's original sentence in denying the defendant's compassionate-release motion on § 3553(a) grounds). And "[b]ecause a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may . . . inform whether immediate release would be consistent with those factors." *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020). The district court in this case accordingly did not err by considering whether immediate release would undermine the court's original sentence.

Roney's argument that the district court disregarded this Court's holding in *Dorvee* also misses the mark. Roney may take issue with both the sentencing court's Guidelines analysis under U.S.S.G. § 2G2.2 and its decision not to vary downward in light of *Dorvee*. But a compassionate-release motion "is not an opportunity to second guess or to reconsider" the sentencing court's original decision. *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020); *cf. United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013) ("[A] reduction in sentence

pursuant to 18 U.S.C. § 3582(c) is not a resentencing . . . ." (citing *Dillon v. United States*, 560 U.S. 817, 825 (2010))). Roney asserts that the district court's denial of his motion in this case effectively precludes a sentence reduction for *any* defendant sentenced under U.S.S.G. § 2G2.2. But this is simply incorrect. The district court did not make a blanket determination based solely on Roney's offense of conviction. Rather, the district court considered the § 3553(a) factors as applied to the particular circumstances of Roney's case and Roney's particular history and characteristics, and it made the individualized determination that compassionate release was not warranted. That individualized determination is all § 3553(a) demands here. *See United States v. Easter*, No. 19-2587, --- F.3d ----, 2020 WL 5525395, at *7 (3d Cir. Sept. 15, 2020) ("Ultimately, while a district court 'may' impose a reduced sentence, it is not required to do so. . . . In making that decision, however, the court 'must' consider the factors Congress has prescribed to provide assurance that it is making an individualized determination." (citation omitted)).

\* \* \*

Roney also relies on changed conditions at FMC Rochester to argue that this matter should be remanded with instructions that his original sentence be vacated. As Roney notes, whereas only one member of FMC Rochester's staff and no inmates had tested positive for COVID-19 at the time the district court rendered its decision, the number of positive cases at FMC Rochester has since risen, including among the inmate population. As of the date of this Order, the BOP reports ten confirmed active cases of COVID-19 among inmates and nine confirmed active cases among staff. *See* COVID-19 Cases, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Oct. 30, 2020). Roney also proffers facts concerning other federal medical facilities where COVID-19 cases have increased substantially during the pendency of the instant appeal. Roney avers that over 200 inmates at FMC Carswell in Fort Worth, Texas and roughly 379 inmates

6

at FMC Lexington in Lexington, Kentucky had tested positive for COVID-19 by the time he filed his opening brief.

We are mindful that courts entertaining compassionate-release motions brought by high-risk inmates during this unprecedented time have considered the number of confirmed COVID-19 cases at a facility in assessing the adequacy of the facility's protective measures and accordingly determining whether a defendant has demonstrated a particularized risk of contracting COVID-19. *Compare, e.g.*, *United States v. Valencia*, No. 15-CR-163, 2020 WL 2319323, at *1, *6–7 (S.D.N.Y. May 11, 2020) (granting a high-risk inmate's compassionate-release motion in part because the defendant was incarcerated at a facility that was tied for the most positive cases among all BOP facilities nationwide), *with United States v. Lombardo*, No. 17-CR-318, 2020 WL 6118821, at *4 (E.D.N.Y. Oct. 16, 2020) (denying a high-risk inmate's compassionate-release motion in part due to "the fact that . . . 9 out of 2,636 total inmates" had tested positive). Indeed, the district court in this case considered both the number of cases present at FMC Rochester and FMC Rochester's status as a medical facility in assessing whether Roney demonstrated a particularized risk of contracting COVID-19.

These new facts, however, do not independently warrant remand in Roney's case. The facts on which Roney relies are not part of the record before this Court, and of course were not before the district court at the time of the order under review. Moreover, there is no indication in the record that the increased number of COVID-19 cases in the facility would alter the district court's conclusion. To the contrary, the court—which did not find the threat to Roney's health at the time of its order sufficiently imminent to constitute an extraordinary and compelling reason for a sentence reduction—stated that even if it believed that this threshold had been met, the rationale of the original sentence would still warrant denial of the application. It is of course

7

possible that a sufficiently significant increase in the threat, combined with the passage of additional time toward the expiration of Roney's original sentence, would alter the district court's balancing of the circumstances argued to be extraordinary against the factors that counsel continued incarceration. Without ruling out the possibility that changes in circumstances may in some cases be so dramatic as to warrant a remand, we believe that in most cases, given the unpredictable course of the COVID-19 pandemic, and the relevance of a prisoner's changing health circumstances to applications of this kind, it will be better to avoid having cases yo-yo between the district court and the Court of Appeals. Accordingly, we conclude that the better course is simply to affirm, recognizing that the denial of a motion of this kind generally will not preclude a renewed application based on changed circumstances.

*   *   *

We have considered Roney's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk