20-3689-cr
United States v. Baker

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-two.

PRESENT:
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.

ROSIE BAKER,

> *Defendant-Appellant*,

VANCE BAKER, AKA RAYMOND HARRIS, VALERIE BAKER, MARIE ANTOINETTE TAYLOR, M.D., JOSEPH CHARLES, SHABAZZ PERRY,[1]

> *Defendants*.

20-3689-cr (L)
21-2232-cr (Con)

---

[1] The Clerk's Office is directed to amend the caption as reflected above.

For Defendant-Appellant: JAMES MATTHEW BRANDEN, Law Office of James M. Branden, Staten Island, NY (Barry D. Leiwant, Assistant Federal Public Defender, Federal Defenders of New York, Inc., New York, NY, *on the brief*).

For Appellee: CHARLES N. ROSE, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from orders of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*) entered on October 19, 2020, and September 7, 2021.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Defendant-appellant Rosie Baker appeals from orders of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*) entered on October 19, 2020, and on September 7, 2021, denying her motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In 1998, Baker was convicted by a jury of murder with intent to obstruct justice, 18 U.S.C. § 1512(a)(1); conspiracy to commit murder with intent to obstruct justice, 18 U.S.C. § 371; use of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c); and conspiracy to use a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(o). Baker also pleaded guilty to conspiring to defraud the United States government, 18 U.S.C. § 286. Baker was initially sentenced to life imprisonment, but this Court vacated her sentence due to an error in the jury charge as to the murder count. *United States v. Baker*, 262 F.3d 124, 133–34 (2d Cir.

2

2001).  In 2002, Baker, then 63 years old, was resentenced to an aggregate 45-year term of imprisonment.

In 2020 and 2021, Baker sought sentence reductions pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  On March 29, 2020, she moved for a reduction on account of her advanced age, various health conditions, and the risks presented by COVID-19.  The district court denied the motion on April 21, 2020, and on May 5, 2020, Baker filed a timely motion for reconsideration, citing recent cognitive decline.  On October 19, 2020, the district court denied her motion for reconsideration, relying on, among other things, her failure to exhaust administrative remedies, the heinous nature of Baker's crimes, and the need for deterrence.  Baker appealed the order but, on May 13, 2021, this Court granted her motion to hold the appeal in abeyance while she filed a new request for a reduction in her sentence.

On June 21, 2021, Baker filed another motion for a sentence reduction, this time based on her cognitive decline as a result of age-related dementia.  On September 7, 2021, the district court denied this motion.  The court concluded that Baker had demonstrated "extraordinary and compelling circumstances," but that the sentencing factors in 18 U.S.C. § 3553(a) did not support her release.  Baker appealed this denial, which was consolidated with her previously stayed appeal of the October 19, 2020, order.[2]  We assume the parties' familiarity with the case.

We "typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion."  *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020).  "A district court has

---

[2] The consolidated docket includes Baker's appeals of both the district court's denial of reconsideration entered on October 19, 2020, and its denial of her motion for a reduction in sentence entered on September 19, 2021. But Baker's brief raises arguments only as to the September 19, 2021, order.  We thus find any arguments as to the October 19, 2020, order abandoned.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (cleaned up).

Section 3582(c)(1)(A) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)" if it finds "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *Keitt*, 21 F.4th at 71. *See also United States v. Brooker*, 976 F.3d 228, 236–37 (2d Cir. 2020) (finding that, at present, the Commission's policy statement governing compassionate release governs only motions brought by the Bureau of Prisons, not those brought directly by inmates). If a defendant is eligible for a reduction, the district court must "determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).

Baker first argues that the district court based its ruling on an erroneous view of the law by stating that several of the § 3553 factors were "not relevant" to its analysis given Baker's cognitive decline. Baker contends that, had the district court correctly considered these § 3553(a) factors, it would have found that those factors counseled in favor of release. We disagree. The governing statute specifically acknowledges that some of the § 3553(a) factors may be inapplicable to a given case. *See* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) *to the extent that they are applicable* . . . ." (emphasis added)). In any event, we read the district court's order to indicate that it in fact

4

considered the § 3553(a) factors. App'x at 259 ("*[G]iven her diminished mental capacity*, the factors of specific deterrence, protection of the public from further crimes of the defendant, and educational or vocational training are not relevant to the instant analysis." (emphasis added)); *see United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) ("[W]e do not require robotic incantations that the district court has considered each of the § 3553(a) factors." (internal quotation marks omitted)). Because the weight afforded to any § 3553(a) factor is "a matter firmly committed to the discretion of the sentencing judge," *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (quotation marks omitted), we will not second-guess the district court's decision to ascribe particular weight to some factors instead of others.

Baker also contends that the district court based its ruling on a clearly erroneous assessment of the facts because it should have found her sentence to be excessively long relative to her crimes. But Baker does not genuinely dispute the district court's determination of the facts. The substance of her argument merely relitigates the district court's analysis of the § 3553(a) factors, and we will not "substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (cleaned up); *see also United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013) ("[A] reduction in sentence pursuant to 18 U.S.C. § 3562(c) is not a resentencing."). Baker provides no basis for disturbing the district court's determination that a 45-year sentence was appropriate in light of the numerous aggravating circumstances at sentencing.

In sum, the district court did not abuse its discretion by declining to reduce Baker's sentence.

We have reviewed the remainder of Baker's arguments and find them unpersuasive. The orders of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court