15-3727-cr
*United States v. Faison*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
              ROSEMARY S. POOLER,
              BARRINGTON D. PARKER,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA.,

                    *Appellee,*                              15-3727-cr

              v.

BURUDI FAISON,

                    *Defendant-Appellant.*

---

**FOR PLAINTIFF-APPELLEE:**          Charles P. Kelly (Susan Corkery, *on the brief*) Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:**          Burudi Faison, *pro se*, Fort Dix, NJ.

Appeal from an order of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Appellant Burudi Faison, proceeding *pro se*, appeals from the District Court's order denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's decision to deny a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion." *United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014) (internal quotation marks and alterations omitted). When considering a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), a district court must first determine whether the defendant is eligible for a reduction. *United States v. Christie*, 736 F.3d 191, 194 (2d Cir. 2013). If the defendant is eligible, the district court may exercise its discretion to reduce the original sentence after considering the applicable 18 U.S.C. § 3553(a) factors, *id.,* and "the post-sentencing behavior of the defendant and any public safety concerns a reduction in sentence would raise," *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011); *see Freeman v. United States*, 564 U.S. 522, 532 (2011) ("[E]ven where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate."). A defendant's post-sentencing conduct is an appropriate and sufficient justification for the denial of a sentence reduction. *See, e.g.*, *United States v. Wilson*, 716 F.3d 50, 52-53 (2d Cir. 2013) (per curiam); *United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013) (per curiam).

Here, the District Court did not abuse its discretion by denying Faison's motion. Although Faison was eligible for a sentence reduction, "[a] retroactive amendment to the Guidelines merely authorizes a reduction in sentence; it does not require one." *Wilson*, 716 F.3d at 52 (internal quotation marks omitted). In considering whether a reduction was warranted in this case, the District Court considered the appropriate factors, particularly Faison's criminal history and prison disciplinary infractions, and reasonably denied his request for a reduction.

We reject Faison's argument that the District Court violated his Fifth Amendment right to equal protection by refusing to reduce his sentence. Faison's theory rests on a "class-of-one" equal protection claim, in which "'the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Faison has not demonstrated that any potential comparators are "prima facie identical" to him, *Neilson v. DiAngelis*, 409 F.3d 100, 104 (2d Cir. 2005), and, in any event, we have concluded that the District Court had a rational basis for denying Faison's request—among other things, his individual criminal history and misconduct while imprisoned.

## CONCLUSION

We have considered all of Faison's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk