16-849-cr
*United States v. David Z. Simpson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand seventeen.

Present:
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,
> VINCENT L. BRICCETTI,
> *District Judge*.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    16-849

DAVID Z. SIMPSON,

> *Defendant-Appellant*,

LINETTE SANTANA, SHELDON HOLDER, AKA Duane,
TROY CULBERTSON, PATRICIA LANCASTER,

> *Defendants*.

---

---

\* Judge Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellant:            NORMAN TRABULUS, New York, NY

For Plaintiff-Appellee:             KAITLIN FARRELL, (J.E. Shreve Ariail, Jo Ann M. Navickas, on the brief), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter is **REMANDED** for further proceedings consistent with this order.

David Z. Simpson appeals from an order of the United States District Court for the Eastern District of New York (Johnson, *J.*) denying Simpson's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines, which retroactively lowered the base offense levels applicable to many drug crimes. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In considering a sentence reduction motion under § 3582(c)(2), district courts conduct a multi-step analysis. The district court must first determine whether the defendant is eligible for a sentence reduction under § 1B1.10 of the Sentencing Guidelines. *United States v. Christie*, 736 F.3d 191, 194 (2d Cir. 2013). If the defendant is eligible, then the district court may, after considering the applicable § 3553(a) factors "and any public safety concerns a reduction in sentence would raise," *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011), exercise its discretion to reduce the defendant's sentence to within the amended guideline range, consistent with § 1B1.10 of the Sentencing Guidelines, *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013) (per curiam). In conducting this analysis, the district court may also "consider post-sentencing conduct of the defendant that occurred" after the defendant's original sentence

was imposed. U.S. Sentencing Guidelines § 1B1.10, app. n.1(B)(iii); *see also Wilson*, 716 F.3d at 52. We review the decision the district court reaches with respect to this second component of the § 3582(c)(2) determination for abuse of discretion. *Rivera*, 662 F.3d at 170; *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009).

Though the procedural protections we require in sentencing proceedings are not fully applicable in the context of a proceeding under § 3582(c)(2), "the need for at least some statement of reasons is fully applicable in the context of a motion for a sentence reduction" to preserve our ability to provide meaningful appellate review. *Christie*, 736 F.3d at 195-96. We deem a district court to have abused its discretion in ruling on this element of a § 3582(c)(2) motion only "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Borden*, 564 F.3d at 104 (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)).

Here, in its order denying Simpson's motion, the district court concluded that its previous analysis of the § 3553(a) factors continued to justify the sentence originally imposed and that Simpson's post-sentencing conduct counseled against the grant of a sentencing reduction. But the district court's order also included a clause suggesting that "reductions" previously received by the defendant informed the decision not to grant Simpson a sentence reduction under § 3582(c)(2). App'x 86. Language in the district court's order indicates that the district court was referring to the fact that, largely to adjust for an unproven drug quantity referenced in Simpson's PSR, the guidelines range the district court determined to be applicable at Simpson's original sentencing proceeding was below – or "reduc[ed]" from – the guidelines range calculated by the Probation Department. However, this fact would not, as a general rule, be a

3

proper component of the § 3582(c)(2) analysis, which incorporates only the § 3553(a) factors, public safety concerns, and the defendant's post-sentencing conduct. 18 U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines § 1B1.10, app. n.1(B)(iii).

The Government suggests an alternate approach to the district court's order. It argues that when a district court makes a discretionary determination to adjust a defendant's guidelines calculation, or the defendant's final sentence, to account for the particular circumstances of the case at the original sentencing proceeding, that earlier decision can then be taken into account as part of the defendant's "history and characteristics" under 18 U.S.C. § 3553(a)(1) in resolving a subsequent motion under § 3582(c)(2). However, we need not resolve this contention here because the specific language used in the order suggests that the district court was not referring to such a case-specific determination, but rather to the earlier adjustments it had made to Simpson's guidelines calculation to reflect the provable facts underlying Simpson's conviction. On this record, therefore, we cannot be confident that the district court's decision was not improperly informed by a factor lying outside the framework set forth in § 3582(c)(2) and the relevant section of the Sentencing Guidelines.

Accordingly, we remand this case in accordance with the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), directing the district court to clarify by order whether, without considering the effect of the adjustments it made in determining Simpson's guidelines range at his original sentencing, it would have reached the same decision with respect to Simpson's § 3582(c)(2) motion. If the district court determines that further proceedings on Simpson's § 3582(c)(2) motion are appropriate, it may conduct such proceedings pursuant to this remand. Within fourteen days of the entry of the district court's final order, either party may

4

restore the matter to this panel's jurisdiction by giving notice of a renewed appeal to the Clerk of Court.

For the foregoing reasons, the judgment of the district court is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
