16-849-cr
*United States v. David Z. Simpson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of August, two thousand seventeen.

Present:
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,
> VINCENT L. BRICCETTI,
> *District Judge*.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                        16-849-cr

DAVID Z. SIMPSON,

> *Defendant-Appellant*,

LINETTE SANTANA, SHELDON HOLDER, AKA Duane,
TROY CULBERTSON, PATRICIA LANCASTER,

> *Defendants*.

---

* Judge Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellant:        Norman Trabulus, Esq., New York, NY

For Appellee:        JoAnn M. Navickas, Kaitlin T. Farrell, *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

David Z. Simpson appeals from an order of the United States District Court for the Eastern District of New York (Johnson, *J.*) denying Simpson's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines, which retroactively lowered the base offense levels applicable to many drug crimes. This case now returns to us from our prior remand, pursuant to the procedures laid out in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), to the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As explained in our prior order, *United States v. Simpson*, 678 F. App'x 53 (2d Cir. 2017), in adjudicating the merits of a § 3582(c)(2) motion a district court may consider the sentencing factors set forth in 18 U.S.C. § 3553(a), public safety concerns, and the defendant's post-sentencing conduct. *See* 18 U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines § 1B1.10, app. n.1(B)(iii). We review the district court's weighing of these factors for abuse of discretion. *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011).

On *Jacobson* remand, the district court clarified that the decision it reached denying Simpson's § 3582(c)(2) motion was based on its original analysis of the § 3553(a) factors at sentencing, as well as Simpson's disciplinary record while incarcerated. Though the district

2

court's clarification order on remand does include a discussion of that court's skepticism about the credibility of elements of Simpson's testimony, the district court also made clear that the relevance of this credibility judgment was that it undermined Simpson's efforts to explain away the disciplinary infractions that were apparent from his record. Because the defendant's post-sentencing conduct *is* a relevant consideration in evaluating a § 3582(c)(2) motion, we find no error or abuse of discretion in the district court's ultimate decision to deny Simpson's motion in part on that basis.

\* \* \*

We have considered all of Simpson's remaining arguments and find them without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk